WR-84,299-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/21/2015 10:33:35 AM
Accepted 12/21/2015 10:58:35 AM
ABEL ACOSTA
CLERK

**IN THE COURT OF CRIMINAL APPEALS**
**FOR THE STATE OF TEXAS**
**AUSTIN, TEXAS**

RECEIVED
COURT OF CRIMINAL APPEALS
12/21/2015
ABEL ACOSTA, CLERK

| | | |
|---|---|---|
| EX PARTE | § | |
| | § | |
| | § | NO. WR-84,299-01 |
| | § | |
| | § | |
| RICHARD FREDRICK LOWREY | § | |

**MOTION TO REMAND TO TRIAL COURT**

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

**NOW COMES** RICHARD FREDRICK LOWREY, Applicant, and files this Motion to Remand to Trial Court and would show this Court the following:

I.

This application for writ of habeas corpus was recently forwarded to this Court. The claims raised in the application concern the ineffective assistance of Applicant's trial attorney, the State's failure to disclose evidence favorable and material to Mr. Lowrey's innocence, and Mr. Lowrey's actual innocence. One of the claims concerns the State's recent presentation of new expert witness affidavits to analyze the MRIs at issue in this case.

Motion to Remand to Trial Court – 1

## II.

For the first time ever in the life of this case, the State has proffered evidence from specialists actually qualified to interpret the MRIs. The State submitted a joint affidavit from three pediatric neurologists: Drs. McGlothlin, Perry, and Marks. The fact that the State is now offering the affidavits of these doctors seems to suggest the State understands that the two experts who testified at trial are not qualified to interpret the MRIs of Dillon's brain conducted in 2009.

## III.

The State's pediatric neurologists have never been subject to cross examination. The State simply submitted an affidavit from the newly obtained experts to refute Dr. Scheller's testimony, given at the habeas hearing, and Dr. Rotenberg, submitted just days after the hearing. Cross examination of these doctors is particularly important for three reasons. First, Applicant has a constitutional right to confront the witnesses against him. U.S. CONST. amend. VI; *Crawford v. Washington,* 541 U.S. 36, 51-52 (2004). Second, the habeas court's findings attempted to discredit Applicant's doctors based on the cross examination conducted at the habeas hearing. Applicant should be afforded the same opportunity to provide evidence discrediting the State's doctors' opinions. Finally, Dr. Scheller,

who testified on Applicant's behalf, posited that Dillon's injuries occurred while in the care of the State's doctors and Cook Children's Hospital. Applicant should be afforded the opportunity to develop the bias of these witnesses, which may be used to potentially downplay any fault the witnesses may have in causing Dillon's injuries while he was in the care of Cook Children's Hospital.

FOR THE ABOVE REASONS, Applicant respectfully requests that this case be remanded to the trial court.

Respectfully submitted,

**Hurley, Guinn & Sellers**

By:     /s/ Frank Sellers
        Frank Sellers
        State Bar No. 24080305
        Frank@hurleyguinn.com

        Daniel W. Hurley
        State Bar No. 10310200
        dwh@hurleyguinn.com

1805 13th Street
Lubbock, Texas 79401
P: (806) 771-0700
F: (806) 763-8199

**Law office of Allison Clayton**

By:     /s/ Allison Clayton
        Allison Clayton
        State Bar No. 24059587
        Allison@AllisonClaytonLaw.com

P.O. Box 64752
Lubbock, Texas 79464-4752
P: (806) 773-6889
F: (806) 688-4515

## Certificate of Service

I certify that on December 21, 2015, a copy of the foregoing was served upon the Tom Green County District Attorney by email to Allison.Palmer@co.tom-green.tx.us.

/s/ Frank Sellers

Frank Sellers
